McElwain, Hutchinson and Winch *vs.* Samuel
Barack et al.

Third Judicial District, New Haven, June Term, 1925.

Wheeler, C. J., Beach, Curtis, Keeler and Maltbie, Js.

To secure a stock of shoes upon credit from the plaintiffs, the
defendant B submitted to them a statement of his financial con-
dition in which he represented that he possessed $2,100 "cash
in bank" and that he owed no money. After the shoes were
delivered, and after the plaintiffs had instituted the present
action to replevy a portion of them on the ground that they
had the privilege of rescinding the sale because of the fraudulent
falsity of B's representation, B became a voluntary bankrupt,
and in his sworn statement of liabilities, listed M as a creditor
for the specific sum in question. M likewise submitted a sworn
proof of debt to the same effect. At the hearing in the present
case, however, B testified that the money represented an abso-
lute gift made in view of the then existing, but subsequently
dissolved, betrothal of B to M's daughter; and the trial court,
finding that such was the fact and that B's representation was
true when made, rendered judgment that B's trustee in bank-
ruptcy, and not the plaintiffs, was entitled to possession of the
shoes. *Held* that, upon the finding, the judgment must stand
despite the apparent fraud that B and M were attempting to
perpetrate in the bankruptcy court.

Whether a defrauded vendor in a severable contract of sale mutually
performed in a severable part, must, if he elects to rescind and
replevy, retake all the goods found in the vendee's possession,
whether paid for or not, *quære.*

Argued June 5th—decided October 9th, 1925.

Action of replevin to recover possession of a quan-
tity of shoes, brought to the Superior Court in New
Haven County and tried to the court, *Wolfe, J.;* judg-
ment rendered for the defendants, from which the
plaintiffs appealed. *No error.*

This action of replevin was brought to retake pos-
session of shoes sold on credit. The facts found may
be outlined as follows: Defendant Barack, who had

never before been in business for himself, desired to enter the retail shoe business, and as a basis for obtaining credit presented to the plaintiffs a written statement, Exhibit A, dated January 10th, 1924, representing that he had $2,100 "cash in bank," and no liabilities. The statement shows no other assets except store fixtures and the stock to be shipped by plaintiffs. On the faith of this statement plaintiffs accepted Barack's order and had shipped almost $2,000 worth of shoes, when they learned that Barack had given a bill of sale of all his stock in trade to one Mellion with a view to making a settlement with creditors. This occurred on or about April 1st, 1924, and on April 9th plaintiffs replevied $875 worth of their shoes, that being the balance due and unpaid. Barack and Mellion were made defendants. On April 25th, 1924, Barack filed a voluntary petition in bankruptcy and was duly adjudicated bankrupt. His schedules disclosed as total assets $2,800 of stock, of which $1,200 represented the shoes replevied by plaintiffs, and store fixtures. His liabilities were scheduled at $6,270.93, including $3,375 owed to Mellion, who filed a claim for that amount for moneys loaned on various dates, including the $2,100 "cash in bank," on the faith of which the plaintiffs had extended the credit, and other amounts loaned at later dates.

The court finds that this $2,100, and other amounts later advanced, were given by Mellion to Barack, who at that time was betrothed to Mellion's daughter. It also finds that the sums so given were given to Barack unconditionally and without any agreement or suggestion that they were to be repaid or that they were mere loans. The finding adds that at the time Barack filed his petition in bankruptcy, the engagement between him and Mellion's daughter had been broken off, "and under such circumstances Barack listed said

Mellion as a creditor for the sums received by him." No reason is given for Mellion making these gifts, unless the above findings suggest that they were made because Barack was the affianced husband of the donor's daughter.

The court finds as conclusions, that Barack's statement of January 10th, that he owed no sums for borrowed money, was true; that the fact that Barack listed Mellion as a creditor when he filed his petition in bankruptcy did not, as matter of law, change the character of the transaction between them, as it existed on January 10th, from a gift to a liability, or make the statement which was true on January 10th, a false representation; that the facts do not entitle the plaintiffs to rescind the contract for fraud or misrepresentation and to replevy the goods sold by them. The court further concludes that if the plaintiffs, in view of the facts, are entitled to rescind, they should have rescinded the contract as a whole and not in part only. This refers to the fact that the plaintiffs did not replevy all of the shoes shipped by them to Barack, which were then in Barack's shop, but only enough to satisfy the balance remaining due on the original order. Other facts found are stated in the opinion.

The defendant Mellion filed no pleading except a disclaimer of any interest in the goods replevied. Barack's trustee in bankruptcy was made a party defendant, and the judgment appealed from directs that the goods replevied be returned to the trustee.

*J. Birney Tuttle,* for the appellants (plaintiffs).

*Henry Rabinowitz,* for the appellees (defendants).

BEACH, J. No attempt is made to correct the finding. The reasons of appeal discussed in argument are

whether, on the facts found, the court erred in ruling that the plaintiffs were not entitled to rescind and replevy; and whether, on the facts found, the court erred in holding that the plaintiffs, if entitled to rescind, were bound to replevy all goods sold by them and found in the defendant Barack's possession, whether paid for or not.

Taking, first, the ruling on the right to rescind. The facts found show that on January 10th, 1924, the defendant Barack placed an order with plaintiffs' local representative in New Haven for about $2,000 worth of shoes, on which he desired credit to the extent of about $1,100, and for the purpose of obtaining that credit represented in writing, by Exhibit A, that he had $2,100 in bank and no liabilities. On the faith of this representation plaintiffs shipped goods to the amount of $1,958.14. Barack paid $900 down and $300 more in several instalments on account, and was allowed some credits, leaving a balance of $890.76 remaining unpaid.

On or about April 1st (probably after the last order, dated April 7th) Barack committed an act of bankruptcy, by making an assignment for the benefit of creditors to one Mellion, and plaintiffs, on learning of this, refused to assent to it, and on April 10th caused this replevin suit to be instituted, claiming that Barack's representation that he had no liabilities on January 10th was false. On April 25th, Barack filed a voluntary petition in bankruptcy, accompanied, as required by the Bankruptcy Act, by a sworn statement of liabilities, in which Mellion was listed as a creditor for $3,375. This was before the return day of the writ. When this suit was brought Mellion was in possession of the goods as assignee, and was made a codefendant. Before any answer was filed, Mellion filed an itemized claim in the bankruptcy proceedings

for moneys loaned to Barack, aggregating $3,375, which specifically included the $2,100 in bank.

Thus both of the original defendants in this action had already sworn in the bankruptcy court, before any answer was filed in this action, that the $2,100 in question was a loan, and that Barack's original representation was false. It then seemed that all parties to the transaction were agreed that the plaintiffs had been induced to extend credit upon the false representation that Barack had no liabilities to offset his "$2,100 cash in bank" on January 10th. But Barack's trustee in bankruptcy evidently had other views, and by answer and counterclaim claimed possession of the goods replevied.

Under pressure of examination in open court, Barack recanted; testified that the moneys in question were not loans, but unconditional gifts, and the trial court has so found. This finding convicts Barack and Mellion of an attempt to defraud the plaintiffs and other creditors, by swearing that Mellion was a creditor in bankruptcy when he was not such; and for all that appears on this record they may still be attempting to consummate that fraud. But however that may be, the finding compels the conclusion that the property in the shoes in question passed to the buyer by the original sale and delivery, and that the plaintiffs have no right to rescind that transaction because of a subsequent attempted fraud.

This disposes of the cause, and we express no opinion upon the question whether, in the case of a severable contract of sale mutually performed in a severable part, a defrauded vendor is bound to rescind and replevy as to all goods sold and found in the buyer's possession whether paid for or not.

There is no error.

In this opinion the other judges concurred.